**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division**



FILED

FEB - 2 2012

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

SABRINA RENEE BROWN,

**Plaintiff,**

v.                                                    **ACTION NO. 4:11cv44**

HUNTINGTON INGALLS INC.,

**Defendant.**

## DISMISSAL ORDER

Plaintiff filed this action, claiming disability discrimination in connection with an offer of

employment. Plaintiff applied to Defendant for employment as a structural welder at the Newport

News Shipbuilding Division. She was offered the position in January 2009, contingent upon a

medical exam. The ensuing investigation into her medical condition and records revealed a long-

standing back injury. Defendant ordered an MRI of Plaintiff's back, which revealed an annular tear

at L5-S1 in Plaintiff's lower back with disc bulging. As a result of this investigation, Defendant's

physicians placed protective restrictions upon Plaintiff's ability to work. Specifically, Plaintiff was

prohibited from bending or lifting objects in excess of twenty–five pounds. Defendant determined

that these restrictions could not be accommodated in the physically demanding structural welding

job. Plaintiff's job offer was withdrawn.

After exhausting administrative remedies before the EEOC, Plaintiff filed this action,

claiming she had been discriminated against on the basis of a disability or the perception of having

a disability in violation of the Americans with Disabilities Act ("ADA").[1]  In a failure to accommodate claim, a plaintiff must show: (1) that she had a disability within the meaning of the statute; (2) that the employer had notice of the disability; (3) that with reasonable accommodation she could perform the essential functions of the position; and (4) that the employer refused to make such accommodations. Rhoads v. F.D.I.C., 257 F.3d 373, 387 n.11 (4th Cir. 2001).

Defendant filed a Motion for Summary Judgment, to which Plaintiff responded.  Plaintiff was advised that she must identify all facts identified by the Defendant with which she disagreed and that she must set forth her version of the facts by offering affidavits or sworn statements. D.E. # 31 at 3. Nonetheless, Plaintiff did not do so.  She failed to identify with specificity any facts with which she disagreed.  She did not submit any evidence or affidavits in connection with the summary judgment motion.  Accordingly, the facts set forth by Defendant in its Memorandum in Support of Summary Judgment are accepted as true. D.E. # 32 at 3-13.

Plaintiff's opposition to the Motion for Summary Judgment does not dispute the applicable law cited by Defendant.  She does not dispute that all of Defendant's employees applying to work in production and maintenance trades are required to undergo post-offer medical examinations. Proposed Fact 12, D.E. # 32 at 6.  She presented nothing to counter the fact that "structural welding is the most physically demanding job in the shipyard." Proposed Fact 6, D.E. # 32 at 4.  Plaintiff agrees that lifting and working in a bent over position are essential functions of the structural welding job. D.E. # 37 at 2.  She does not dispute that even the welding tool bag she would be required to carry as a structural welder exceeds the weight limitation imposed upon her or that the

---

[1]Plaintiff invoked the "ADA." Of course, the Court has applied the ADA as amended by the Americans with Disabilities Amendment Acts of 2009 (often referred to as ADAAA). The ADAAA became effective January 1, 2009, immediately prior to Plaintiff's job offer.

job entails bending all day long. Proposed Facts 6-7, D.E. # 32 at 4-5. She does not dispute that the recent objective medical evidence shows that Plaintiff has an annular tear. Proposed Fact 16, D.E. # 32 at 9. She presents nothing to contradict the determination made by two Board-certified physicians that because of her injury working as a structural welder would pose risk to her that is "a virtual certainty" and would likely cause her permanent injury. Proposed Fact 21, D.E. # 32 at 11.

Instead, Plaintiff simply disagrees with Defendant's assessment that the restrictions placed upon her are appropriate and with its conclusion that she could not safely perform the job. Plaintiff's unsubstantiated self assessments are, however, insufficient to create disputed issues of material fact. See Lyons v. Shinseki, slip op., No. 11-1361, 2011 WL 5588836 (4th Cir. Nov. 17, 2011); Mulloy v. Acushnet Co., 460 F.3d 141, 150 (1st Cir. 2006) (noting that a plaintiff's "self-serving testimony that he could perform the essential functions of his job . . . 'is insufficient under Fed. R. Civ. P. 56(c) to create a "genuine" issue of material fact concerning the essential functions'" of the job); Duncan v. Harvey, 479 F. Supp. 2d 125, 133 (D.D.C. 2007) ("plaintiff's mere self-serving statement that she believed she could have performed pipetting with the requested equipment is insufficient to create a genuine issue of fact"). Plaintiff thus has failed to establish that she could perform the functions essential to the structural welding position without accommodation.

In connection with a prior motion, Plaintiff did submit a note from her treating chiropractor dated June 2, 2011, which states that Plaintiff "is able to work without any limitations and has been since Feb. 8, 2008." D.E. # 17, Ex. 1. This note is not evidence the Court may properly consider as it is not authenticated or attested in any manner. Nonetheless, even if it had been properly presented, it would be insufficient to create a genuine issue of disputed material fact. No evidence has been presented that the chiropractor was aware of the MRI results or more generally that he was

3

aware of Plaintiff's annular tear. The chiropractor's treatment notes do not indicate a tear. Plaintiff's last visit with the chiropractor was in 2008, one year before the MRI that revealed the tear. Thus, his opinion does not contradict the more recent assessment of Defendant's two physicians as to Plaintiff's present ability to perform safely the duties of a structural welder. Plaintiff also relies on unsubstantiated allegations regarding her prior work history. She argues that because she was able to perform physically demanding work before, she is able to do so now. That Plaintiff may have previously been able to hold physically demanding jobs in other fields does not establish that she can now perform the work of a structural welder safely based on her present medical condition.

Plaintiff argues that she could perform the essential job functions of a structural welder with certain accommodations. Defendant considered each of these proposed accommodations, such as Plaintiff wearing a back brace, during its deliberations about the hiring of Plaintiff. Defendant concluded that her limitations could not be accommodated in the structural welding position. In this litigation, Defendant addressed each of Plaintiff's proposed accommodations in affidavits, which describe why Plaintiff's proposed accommodations are not feasible and/or why they would not eliminate the danger to Plaintiff. Proposed Facts 21-22, D.E. # 32 at 11-12. Plaintiff again failed to rebut these asserted facts with any evidence the Court can consider. The accommodations Plaintiff proposes (without any evidence) are re-allocations of essential job functions to other employees or the creation of a different job without the essential functions of a structural welding job. Plaintiff proposes not reasonable "accommodations," but a redefined job. "The law does not require an employer to accommodate a disability by foregoing an essential function of the position or by reallocating essential functions to make other workers' jobs more onerous." Kvorjak v. Maine, 259 F.3d 48, 57 (1st Cir. 2001) (internal citation and quotation marks omitted); see also Moritz v.

4

Frontier Airlines, Inc., 147 F.3d 784, 788 (8th Cir. 1998) ("It is well settled that an employer is under no obligation to reallocate the essential job functions of a position . . . ." and it "is not obligated to hire additional workers or reassign existing workers to assist" an employee). Further, Defendant is not obligated to hire Plaintiff for a job she cannot perform and then reassign her to another job. Cravens v. Blue Cross and Blue Shield of Kansas City, 214 F.3d 1011, 1017 (8th Cir. 2000) ("by its very construction, the term 'reassignment' implies that the disabled individual already holds an existing assignment and must therefore be a current employee, rather than a job applicant."). Therefore, Plaintiff has not set forth any evidence to dispute Defendant's proof that Plaintiff is unqualified for the structural welding position because her limitations cannot reasonably be accommodated.

Finally, Plaintiff appears to concede that her claim that she has been misperceived as being disabled is not viable. See D.E. # 37 at 5 ("The Plaintiff concludes that she does not meet the "regarded as" definition under the ADA, but does have an actual disability under the ADA . . . ."). The Court agrees that Plaintiff's "regarded as" claim fails. Defendant obtained and analyzed objective medical evidence indicating that if Plaintiff were to work as a structural welder, she would pose a "direct threat" to her own safety under 29 C.F.R. § 1630.2(r). Defendant was not motivated by any misperception of Plaintiff's condition, but upon "reasonable medical judgment that relies on the most current medical knowledge and/or the best available objective evidence" as permitted under the governing regulations. Id.

In sum, Plaintiff has presented only a claim that she disagrees with Defendant's physicians. Plaintiff has offered no proof of any discriminatory motive. The record establishes that Defendant's process was fairly applied and that it was in accordance with the regulations addressing pre-

employment medical screening, 29 C.F.R. § 1630.14. The record also establishes that Plaintiff's job offer was only withdrawn after thorough consideration of Plaintiff's medical condition and the specific attributes of the structural welding job.   The Court further notes that Plaintiff's determination and desire to work are admirable. But, Plaintiff has failed to present evidence that she could perform this particular job without endangering her health. Thus, no genuine dispute exists as to any material fact, and Defendant's Motion for Summary Judgment is **GRANTED**.

Plaintiff may appeal from this Dismissal Order[2] by forwarding a written notice of appeal to the Clerk of the United States District Court, Newport News Division, 2400 West Avenue, Newport News, Virginia 23607.  Said written notice must be received by the Clerk within thirty (30) days from the date of this Dismissal Order.

The Clerk is **DIRECTED** to send a copy of this Dismissal Order to Plaintiff and counsel for Defendant.

IT IS SO **ORDERED**.

_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February  7  , 2012

_____

[2]The Court notes that Plaintiff previously filed a Notice of Appeal purporting to appeal to the United States Court of Appeals for the Fourth Circuit certain determinations of the Court on discovery matters.  These rulings were not final and were thus not properly appealed.  Accordingly, this Court is not divested of its jurisdiction to render a final decision in this matter.  Buckom v. O'Konek, Nos. 99-7117, 99-7463, 1999 WL 33233418 (4th Cir. Dec. 21, 1999) (citing Cochran v. Birkel, 651 F.2d 1219, 1221-22 (6th Cir. 1981)).